UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| DEAUN CONWAY, | 5:23-CV-05053-CBK |
| Plaintiff, | |
| vs. | ORDER |
| OYATE HEALTH CENTER, | |
| Defendant. | |

This matter is before the Court on defendant Oyate Health Center's motion to dismiss all claims asserted against them pursuant to Fed. R. Civ. P. 12(b)(1) for lack of jurisdiction, and in the alternative, under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. Doc. 7. As explained below, tribal sovereign immunity applies to this case. Therefore, this Court will grant defendant's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1).

## BACKGROUND

DeAun Conway, plaintiff, is the former employee of defendant, Oyate Health Center ("Health Center"). Doc. 1-1. at 4. She was hired by the Health Center as a billing coordinator on March 14, 2022, and let go by the Health Center on August 31, 2022. Id. The Health Center states Ms. Conway's employment was terminated due to an altercation with a member of the housekeeping staff. Doc. 8, pg. 4. The day after being let go, Ms. Conway filed a discrimination claim with the Equal Employment Opportunity Office ("EEOC"), alleging she was let go by the Health Center due to her age, in violation of the Age Discrimination in Employment Act ("ADEA"). Doc. 1-1 at 4; Age Discrimination in Employment Act, 29 U.S.C. §§621-634. The EEOC reviewed Ms. Conway's complaint and decided not to investigate further and made no determination on the

matter. Doc. 1-1 at 1. Ms. Conway, proceeding *pro se*, filed a complaint in federal court against the Health Center alleging age discrimination under the ADEA. Id.

The Health Center has responded with this motion to dismiss for lack of jurisdiction, claiming tribal sovereign immunity, and in the alternative, for failure to state a claim. Doc. 7. The Health Center is a division of the Great Plains Tribal Leaders Health Board ("Health Board"), which is a tribal organization governed by elected leaders of seventeen tribes[1] and a tribally-operated Indian Service Unit pursuant to a contract with the Federal Government to assume responsibility for the functions and responsibility of the Indian Health Service facilities across several states, including defendant's facility in Rapid City, South Dakota.

## LEGAL STANDARD

The defense of tribal sovereign immunity is reviewed within the analytical framework of a Fed. R. Civ. P. 12(b)(1) motion to dismiss for lack of subject matter jurisdiction. Rupp v. Omaha Indian Tribe, 45 F.3d 1241, 1244 (8th Cir. 1995) (writing, "Sovereign immunity is a jurisdictional question," and *citing* Puyallup Tribe, Inc. v. Wash. Game Dep't, 433 U.S. 165, 172 (1977)), Stathis v. Marty Indian Sch. Bd. Inc., 560 F.Supp.3d 1283, 1290 (D.S.D. 2021) (*citing* Hagen v. Sisseton-Wahpeton Cmty. Coll., 205 F.3d 1040, 1042-43 (8th Cir. 2000). Tribal sovereign immunity is discussed within the Fed. R. Civ. P. 12(b)(1) framework because it is a threshold matter of jurisdiction, like subject matter jurisdiction. Id. However, the two are distinct legal concepts since tribal sovereign immunity may be waived and is a defense to jurisdiction, while subject matter jurisdiction is an absolute stricture on the court. In re Prairie Island Dakota Sioux, 21 F.3d 302, 304-305 (8th Cir. 1994).

---

[1] Those federally recognized tribes are: Cheyenne River Sioux Tribe, Crow Creek Sioux Tribe, Spirit Lake Tribe (Devils Lake Sioux Tribe), Flandreau Santee Sioux Tribe, Lower Brule Sioux Tribe, Oglala Sioux Tribe, Rosebud Sioux Tribe, Santee Sioux Tribe, Sisseton-Wahpeton Oyate, Standing Rock Sioux Tribe, Yankton Sioux Tribe, Turtle Mountain Band of Chippewa, Winnebago Tribe of Nebraska, Mandan, Hidatsa & Arikara Nation (Three Affiliated Tribes of Fort Berthold Reservation), Omaha Tribe of Nebraska, Sac & Fox Tribe of Iowa and Ponca Tribe of Nebraska. *See* INDIAN ENTITIES RECOGNIZED AND ELIGIBLE TO RECEIVE SERVICES FROM THE UNITED STATES BUREAU OF INDIAN AFFAIRS, 88 Fed. Reg. 2112, 2112-2116 (Jan. 12, 2023).

For motions made under Fed. R. Civ. P. 12(b)(1) the party asserting jurisdiction holds the burden of proof to show that this Court is vested with jurisdiction to hear the underlying claims. Benchmark Ins. Co. v. SUNZ Ins. Co., 36 F.4th 766, 771 (8th Cir. 2022). If there is a lack of jurisdiction, then regardless of the merits of the claim, this Court will not have the power to hear the case. Rupp, 45 F.3d at 1244 (citing Puyallup, 433 U.S. at 172). By design, federal courts are courts of limited jurisdiction, defined by federal statute. U.S. CONST., ART. III, § 2, cl.1, e.g. Badgerow v. Walters, 142 S.Ct. 1310, 1315 (2022) (citing Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994)). Motions to dismiss for lack of subject matter jurisdiction may be either a "facial" or a "factual" challenge. Croyle by and through Croyle v. United States, 908 F.3d 377, 380 (8th Cir. 2018) (citing Osborn v. United States, 918 F.2d 724, 729 n.6 (8th Cir. 1990)). A factual attack is an argument that there is no subject matter jurisdiction because the facts of the case do not support the asserted jurisdiction and thus attacks the Court's "...very power to hear the case." Osborn, 918 F.2d at 730 (quoting Mortensen v. First Fed. Sav. & Loan Ass'n, 549 F.2d 884, 891 (3rd 1977)). The Health Center's defense of tribal sovereign immunity is a factual attack because it directly questions whether the Court has power to exercise jurisdiction over this case. Id. Under a factual attack, no presumptive truthfulness attaches to the plaintiff's allegations, and courts may weigh and consider evidence outside of the pleadings. Id.

It is well known that complaints by *pro se* plaintiffs must "be given liberal construction." Solomon v. Petray, 795 F.3d 777, 787 (8th Cir. 2015), Stone v. Harry, 364 F.3d 912, 914 (8th Cir. 2004). "[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007).

That said, *pro se* litigants must still present cognizable legal claims to this Court. Although the Court must take as true any well-pleaded facts, the Court need not accept "'threadbare recitations of the elements of a cause of action supported by mere conclusory statements.'" Zink v. Lombardi, 783 F.3d 1089, 1098 (8th Cir. 2015) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). "When we say that

3

a pro se complaint should be given liberal construction, we mean that if the essence of an allegation is discernible . . . then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." Solomon, 795 F.3d at 787 (*quoting* Stone, 364 F.3d at 914). But, "…the court need not act as a clairvoyant, trying to read the tea leaves of a pro se motion to determine what the movant actually seeks. A litigant, even a pro se one, bears some responsibility for advocating for himself." In re Heyl, 609 B.R. 194, 202 (B.A.P. 8th Cir. 2019).

## DISCUSSION

Tribal sovereign immunity is a threshold jurisdictional matter. Amerind Risk Mgmt. Corp. v. Malaterre, 633 F.3d 680, 685 (8th Cir. 2011) (*citing* Hagen, 205 F.3d at 1043). Sovereign immunity is a well-established common law principle that the sovereign cannot be sued without its consent. It is further well-established law that Indian tribes enjoy the protection of sovereign immunity, as they are a separate people with the power of regulating themselves. Kiowa Tribe of Okla. v. Mfg. Techs., Inc., 523 U.S. 751, 754 (1998), Okla. Tax Com'n v. Citizen Band Potawatomi Indian Tribe of Okla., 498 U.S. 505, 509 (1991) (*citing* Cherokee Nation v. Georgia, 5 Pet. 1, 17 (1831)), Hagen, 205 F.3d at 1043, E.E.O.C. v. Fond du Lac Heavy Equip. & Constr. Co., Inc., 986 F.2d 246, 248 (8th Cir. 1993) (*citing* United States v. Wheeler, 435 U.S. 313, 322 (1978), Bergeson v. Carlson, 2022 WL 219607 (D.S.D 2022) (one of my past opinions). Tribal sovereign immunity may also extend to tribal agencies. Hagen, 205 F.3d at 1043.

In fact, this district's precedent holds that the defendant, and its governing organization, the Great Plains Tribal Leaders Health Board[2], are entitled to share in the sovereign immunity of its governing tribal nations as an arm of the respective tribal governments. J.L. Ward Associates, Inc. v. Great Plains Tribal Chairman's Health Bd., 842 F.Supp.2d 1163 (D.S.D. 2012) (Chief Judge Roberto Lange held that the Health Board was entitled to tribal sovereign immunity as an arm of the tribal governments

---

[2] Defendant's governing body changed its name from "Great Plaints Tribal Chairmen's Health Board" to "Great Plains Tribal Leaders Health Board" in October 2020. Doc. 9, Ex. 1.

4

which managed and provided health care and related services to tribal members.) The holding of J.L. Ward Associates was affirmed by my formerly fellow district Judge, Jeffery L. Viken, in Gilbert v. Weahkee, when Judge Viken found that the Health Board, "…is entitled to share in the sovereign immunity of its component tribal nations." Gilbert v. Weahkee, 441 F.Supp 3d 799, 815 (D.S.D 2020) (*citing* J.L. Ward Associates, 842 F.Supp.2d at 1171-77. Even though *pro se* litigants are to be given lenient interpretation of their pleadings, (Solomon, 795 F.3d at 787) there is nothing in the record which could be construed as an argument against following our district's precedent of extending tribal sovereign immunity to defendant. Even if such an argument had been made, this Court adopts the well-reasoned holding laid out by Chief Judge Lange in J.L Ward Associates to extend tribal sovereign immunity to the defendant. J.L. Ward Associates, 842 F.Supp.2d at 1171-77.

Tribal sovereign immunity is not a perfect shield however, as it can be waived, or can be abrogated by Congress to allow suit against the tribes. Fort Yates Public School Dist. No. 4 v. Murphy ex re. C.M.B., 786 F.3d 662, 670 (8th Cir. 2015) (*citing* Kiowa Tribe of Okla., 523 U.S. at 754 (1998)). Waiver of tribal sovereign immunity must be clear and plain. Oklahoma Tax Com'n, 498 U.S. at 509 (citing Santa Clara Pueblo v. Martinez, 436 U.S. 49, 58 (1978). There has been no waiver in this matter.

Therefore, we turn to whether Congress in the ADEA, the act Ms. Conway's claim rests upon, abrogated tribal sovereign immunity and authorized suits against tribes. We can rely on Eighth Circuit precedent, and other circuits' precedents to conclude that Congress did not authorize suit against tribes under the ADEA.

In E.E.O.C. v. Fond du Lac Constr. the Eighth Circuit held that the ADEA lacked a clear and plain congressional intent to allow suit against Indian tribes under the ADEA and thus tribal sovereign immunity barred jurisdiction over such claims. E.E.O.C. v. Fond du Lack Heavy Equip. & Constr. Co., Inc., 986 F.2d 246, 249 (8th Cir. 1993). In addition to the Eighth Circuit, similar holdings apply in the Second, Tenth, and Eleventh Circuits. *Accord* Garcia v. Akwesasne Hous. Auth., 268 F.3d 76, 86 (2d Cir. 2001) (holding the ADEA does not abrogate tribal sovereign immunity.), E.E.O.C. v. Cherokee

5

Nation, 871 F.2d 937, 939 (10th Cir. 1989) (holding that where ambiguity exists, and without clear indication of congressional intent to abrogate Indian sovereignty rights Congress did not abrogate tribal sovereign immunity in the ADEA.), Williams v. Poarch Band of Creek Indians, 839 F.3d 1312, 1325 (11th Cir. 2016) (*citing* E.E.O.C. v. Fond du Lac Heavy Equip. & Constr. Co., Inc., 986 F.2d at 250-51 in its reasoning and, after finding the ADEA did not abrogate tribal sovereignty, held the tribal government was "entitled to tribal sovereign immunity from plaintiff's ADEA claim.").

Therefore, this Court finds that defendant is entitled to tribal sovereign immunity as they have not waived tribal sovereign immunity and Congress has not abrogated tribal sovereignty allowing suit under the ADEA.

## ORDER

Based on the foregoing, and all the files and records herein, IT IS HEREBY ORDERED that:

1. Defendant's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) for lack of jurisdiction is granted.

DATED this 12th day of April, 2024.

BY THE COURT:

*Charles B. Kornmann*

CHARLES B. KORNMANN
United States District Judge